**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LEWIS HEACKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-4270-CV-W-GAF** |
| | ) | |
| **AMERICAN FAMILY MUTUAL** | ) | |
| **INSURANCE COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Presently before the Court is Defendant Jessica Wright's ("Defendant") Motion to Dismiss. (Doc. # 31). Defendant requests the Court dismiss Plaintiff Lewis Heacker's ("Plaintiff") claims that are in excess of liability limits under her insurance policies. (Doc. ## 31, 32). Plaintiff opposes. (Doc. # 40).

The present action arises from Plaintiff's Petition for Equitable Garnishment and Damages ("Petition"), which was originally filed in the Circuit Court of Jackson County, Missouri, and was later removed to this Court. (Doc. ## 1, 1-1). Prior to filing the Petition, Plaintiff had received a $7.3 million judgment in the underlying case arising from Defendant's tortious conduct. (Doc. # 40). Prior to the conclusion of the underlying case, Plaintiff and Defendant entered into a confidential Mo. Rev. Stat. § 537.065 agreement that, among other things, limited Plaintiff's recovery to Defendant's insurance coverage. (Doc. # 40). Plaintiff's Petition states, "[u]nder the Defendants' insurance policies, [Defendant's insurance companies] are obligated to pay all sums for which an insured becomes legally liable and obligated to pay." (Doc. # 1-1, ¶ 26).

Under Mo. Rev. Stat. § 379.200, upon recovery of a final judgment, if the defendant in the action was insured against the loss or damage at issue in the suit at the time the loss or damage occurred, "the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company . . . and the defendant, applied to the satisfaction of the judgment." Missouri courts have held that Mo. Rev. Stat. § 379.200 may be used "only for the purpose of reaching and applying *the amount due* on an insurance policy to the satisfaction of their judgment . . . An insurer may not force an equitable garnishment on an insurer for funds in excess of the limits designated in the policy." *Geisner v. Budget Rent a Car of Mo.*, 999 S.W.2d 265, 267-68 (Mo. Ct. App. 1999) (citing *Corder v. Morgan Roofing Co.*, 195 S.W.2d 441, 448 (Mo. 1946)) (emphasis in original).

Plaintiff's Petition alleges only claims against Defendant's insurance providers under § 379.200. Given the clear and unambiguous natural language of § 379.200 and Missouri cases discussing that section, Plaintiff's claims must be limited to recover of only those damages expressly covered under Defendant's relevant insurance policies. Therefore, it is

**ORDERED** that Defendant's Motion is **GRANTED**, and Plaintiff's claims for damages against Defendant's insurance providers above the amounts of liability expressly provided for under Defendant's insurance contracts, excluding claims for pre and post judgment interest, are hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: **April 27, 2010**

2