# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| LEWIS HEACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-4270-CV-W-GAF |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Defendants American Family Mutual Insurance Company's ("American Family") and Nationwide Insurance Company of America's ("Nationwide") (collectively "Defendants") Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (Doc. # 136). Defendants argue Plaintiff Lewis Heacker ("Plaintiff") filed a "full satisfaction of the judgment entered in the underlying case against Defendant Jessica Wright," which entitles them to judgment as a matter of law. (Docs. ## 136, 137). Plaintiff contends the document titled "Partial Satisfaction of Judgment" was, as its title suggests, nothing more than a partial satisfaction of one defendant's liability. (Doc. # 141). For the reasons set forth below, Defendants' Motion for Summary Judgement is DENIED.

## DISCUSSION

### I.     FACTS

On July 21, 2009, the Circuit Court of Jackson County, Missouri, in case number 0716-CV18988, entered a judgment against Defendant Jessica Wright, and in favor of Plaintiff, for $2,300,000.00 in compensatory damages and $5,000,000.00 in punitive damages. (Doc. # 141-1).

Plaintiff alleges the proceeds from insurance policies issued by Defendants should be paid to Plaintiff in satisfaction of the judgment entered in state court. (Petition, ¶ 25).

On July 19, 2009, Plaintiff and American Automobile Insurance Company entered into an Agreement to Limit Recovery to Specific Assets Pursuant to R.S.Mo. 537.065 (the "537.065 Agreement"). (Doc. # 141-2). Among other things, the 537.065 agreement limited Defendant Jessica Wright's person liability, seeking instead the proceeds of numerous insurance policies she held, and contained a provision requiring American Automobile Insurance Company, the underwriter for a variety of policies purchased by Defendant Jessica Wright (collectively the "Fireman's Fund Policies"), to make a payment in the amount of $305,000.00 to settle claims relating to the Fireman's Fund Policies. *Id.* Specifically, the 537.065 Agreement states, in part:

> Defendant had purchased policies of insurance from American Automobile Insurance Company under a variety of policy numbers (hereinafter "Fireman's Fund Policies") . . . American Automobile Insurance Company is willing to make a payment on behalf of defendant for the acts alleged during its policy periods. Said payment is in the amount of $305,000.00. Plaintiff has agreed to accept said amount in full for any acts covered during its policy periods.

The 537.065 Agreement also makes clear Plaintiff sought to collect from Defendant Jessica Wright's insurance policies underwritten by Defendants Safeco Insurance Company, Nationwide, and American Family. *Id*.

On August 1, 2009, Plaintiff filed a document titled "Partial Satisfaction of Judgment" (the "Partial Satisfaction") with the Circuit Court of Jackson County, Missouri. (Doc. # 137-1). The Partial Satisfaction contained the following language:

> Comes now Plaintiff, LEWIS HEACKER, by and through his attorneys, Randles, Mata & Brown, LLC, and acknowledges receipt of the sum of Three Hundred Five Thousand Dollars ($305,000.00) pursuant to the 537.065 Agreement. Plaintiff acknowledges that this is in full satisfaction of the judgment as it relates to the 537.065 Agreement.

*Id.*

## II. LEGAL STANDARDS

Under Fed. R. Civ. P. 56, summary judgment should be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On summary judgment, a district court must view the facts "in the light most favorable to the nonmovant, giving it the benefit of all reasonable inferences to be draw from the facts." *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990). A court does not weigh the evidence to resolve disputed facts, but instead determines whether there are genuine issues of fact that must be resolved at trial. *See Heritage Constructors, Inc. v. City of Greenwood, Ark.*, 545 F.3d 599, 601 (8th Cir. 2008).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Mo. ex rel. Garstang v. U.S. Dep't of Interior*, 297 F.3d 745 (8th Cir. 2002) (citations omitted). If a moving party carries its initial burden, the party opposing summary judgment must go beyond the pleadings, and by affidavits or by the "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a party bearing the burden of proof on an essential element of a claim does not make a sufficient showing on the element, the opposing party is "entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

## III. ANALYSIS

Defendants' Motion hinges upon whether Plaintiff's Partial Satisfaction acted as a total satisfaction of all liability stemming from the state court judgment. Viewing the facts in the light most favorable to Plaintiff, as the Court must, the Court finds the Partial Satisfaction was not intended to and does not act as a total satisfaction of all liability stemming from the state court judgment.

At the outset, the Court notes that the Partial Satisfaction could have been drafted with a bit more specificity, which would have nullified Defendants' arguments regarding the documents effect. However, if one reads both the 537.065 Agreement and the Partial Satisfaction, it becomes unambiguously clear the Partial Satisfaction was just that - a partial satisfaction of the state court judgment. As stated above, the 537.065 Agreement, among other things, stated Plaintiff was willing to accept American Automobile Insurance Company's settlement offer of $305,000.00 "in full for any acts covered during its policy periods." The Partial Satisfaction acknowledges receipt of the "Three Hundred Five Thousand Dollars ($305,000.00) pursuant to the 537.065 Agreement." While not specifically stated, it is clear Plaintiff was acknowledging receipt of the funds American Automobile Insurance Company promised to pay in the 537.065 Agreement to settle claims relating to the Fireman's Fund Policies.

As Defendants point out, the problematic language of the Partial Satisfaction reads, "Plaintiff acknowledges that this is in full satisfaction of the judgment as it relates to the 537.065 Agreement." Read in isolation, a satisfaction argument may be justified. However, when both the 537.065 Agreement and the rest of the Partial Satisfaction are read together, the phase "as it relates to the

537.065 Agreement" sufficiently indicates Plaintiff was speaking only of a full satisfaction of American Automobile Insurance Company's liability under the state court judgment.[1]

## **CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner  
Gary A. Fenner, Judge  
United States District Court

DATED:  **September 17, 2010**

---

[1] Again, the Court notes all reasonable inferences must be drawn in favor of Plaintiff. *See Woodsmith Publ'g Co.*, 904 F.2d at 1247. Thus, even if Plaintiff's Partial Satisfaction were found to be somewhat ambiguous, strong inferences may be drawn from the facts of the case that suggest Plaintiff intended the Partial Satisfaction to evince satisfaction of only American Automobile Insurance Company's liability.